IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

ROBERT HAYNES,

        Plaintiff,

    vs.

D.K. SISTO et al.,

        Defendants.

_____/

CIV S-08-2177-SPG (PC)

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

## I. Background

### A. Procedural History

On September 16, 2008, Plaintiff Robert Haynes, a state prisoner incarcerated at California State Prison-Solano, proceeding without counsel, filed a complaint pursuant to 42 U.S.C. § 1983 against Warden D.K. Sisto, Facility Captain T. Sequira, and one hundred John Does, seeking compensatory and punitive damages and injunctive relief. (Doc. 1, Complaint.) Plaintiff was confined at the time of the events giving rise to the complaint. Plaintiff exhausted administrative remedies by completing the prison grievance process before filing his complaint. (Doc. 1, Ex. E.) On October 14, 2008, Plaintiff filed a request for judicial notice, which this court construed as an amendment to the complaint, altering the amount of compensatory damages requested. (Doc. 6, Amended Complaint.) On March 10, 2009, Plaintiff filed a motion to amend the complaint to add as

defendants, in their official and individual capacities, Inspector General of the California Department of Corrections J. Tilton and Associate Warden V. Singh.[1]  (Doc. 18, Second Amended Complaint.) This court granted the motion on March 16, 2009.  (Doc. 21, Order Granting Motion to Amend Complaint.)

Plaintiff alleges (1) violation of his Fourteenth Amendment right to equal protection; (2) violation of his Fourteenth Amendment right to due process; (3) violation of his First Amendment right to freedom of speech; (4) violation of his First Amendment right to freedom of religion; (5) violation of his right to freedom of association; and (6) violations of his Eighth Amendment right to freedom from cruel and unusual punishment.  On July 22, 2009, all named Defendants filed a motion to dismiss all claims under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.  (Doc. 27, Motion to Dismiss.)  Named Defendants also moved for dismissal of all claims against Defendants Singh and Tilton for failure to allege claims as to them. (Doc. 27.)  Named Defendants also moved for dismissal of all claims against Defendants in their official capacities on the ground of Eleventh Amendment immunity.  (Doc. 27.)  Plaintiff opposed the motion on September 10, 2009.  (Doc. 30, Opposition.)

After due consideration, this court concludes that Defendants' motion must be granted in part and denied in part.

**B. Facts**

Plaintiff alleges that, after violent incidents between inmates of different racial or ethnic groups at the prison, prison officials have a policy of placing the black inmate population on lockdown status and giving preferential treatment to southern hispanic inmates.  (Doc. 1, at 1.) Plaintiff alleges that the prison administration releases the southern hispanic inmates from lockdown status after a violent incident faster than it releases black inmates.  (Doc. 1, at 2-3.)  For instance, Plaintiff states that Defendants Sisto and Sequira released all southern hispanic inmates in Facility I from lockdown on August 21, 2007, fifteen days after an attack by nine southern hispanic inmates on

---

[1]     Plaintiff exhausted his claims against Defendants Tilton and Singh despite not naming them in the administrative grievance process.  See Jones v. Bock, 549 U.S. 199, 219 (2007) ("[E]xhaustion is not per se inadequate simply because an individual later sued was not named in the grievances.").  The prison's requirements determine whether a prisoner properly exhausted administrative remedies.  Id. at 218.  The California inmate appeal form CDC-602 does not require identification of individuals.  (Doc. 1, Ex. E.)

1   three white inmates.  (Doc. 1, at 3.)  At the same time, Plaintiff alleges that Defendants Sisto and

2   Sequira kept the entire black inmate population of Facility I on lockdown from May 23, 2007, until at

3   least August, 2007, because black inmates refused to negotiate with southern hispanic inmates.  (Doc.

4   1, at 2-3; Doc. 1, Ex. D.)

5           Plaintiff also alleges that the prison administration is aware of which black inmates are

6   affiliated with disruptive factions, such as gangs, but places the entire black inmate population on

7   lockdown.  (Doc. 1, at 2-3.)  Plaintiff alleges that he is not affiliated with any disruptive faction.

8   (Doc. 1, at 2.)  Plaintiff alleges that prison officials intend to punish the black inmate population by

9   placing them all on lockdown status (Doc. 1, at 2), and that Defendant Sisto's failure to classify black

10  inmates as disruptive or not disruptive constitutes deliberate indifference to the constitutional rights

11  of black inmates, (Doc. 1, Ex. E.).

12          While prisoners are on lockdown status, Plaintiff alleges, prison officials do not permit

13  any phone calls, visits from family or friends, group religious meetings or chaplain visits, yard

14  exercise, or canteen privileges.  (Doc. 1, at 3; Doc. 1, Ex. D.)  Plaintiff alleges that he suffered

15  emotionally and physically from the denial of exercise.  (Doc. 1, at 4.)  He also alleges that he lost

16  wages during the lockdown due to his inability to perform his job in the prison kitchen.  (Doc. 1, at

17  4.)

18  **II.  Analysis**

19          **A.  Legal Standard**

20          Federal Rule of Civil Procedure 12(b)(6) requires dismissal of a complaint if as a

21  matter of law "it is clear that no relief could be granted under any set of facts that could be proved

22  consistent with the allegations."  Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984).  In

23  considering a 12(b)(6) motion, the court must accept as true the factual allegations of the complaint.

24  Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).  In addition, the pleadings of a litigant

25  proceeding without counsel should be construed liberally.  Id.  However, "[t]hreadbare recitals of the

26  elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v.

27  Iqbal, 129 S. Ct. 1937, 1949 (2009).  A claim must have facial plausibility to survive a motion to

28  dismiss, and facial plausibility arises when "the plaintiff pleads factual content that allows the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.

The court considers attachments to a complaint to be part of the complaint for purposes of a motion to dismiss for failure to state a claim.  United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003).  However, if the court considers evidence outside the pleadings, a motion to dismiss is converted into a motion for summary judgment.  Id. at 907.  Therefore, this court, in ruling on the motion to dismiss, will not consider any evidence beyond the complaint and its attachments, specifically disregarding Plaintiff's allegation in his opposition that he was not allowed to participate in religious activities of his faith during the lockdown from May to September 2007 and the attachments to Plaintiff's opposition.

## B.  Motion to Dismiss

### 1.  Equal Protection

Plaintiff alleges that he was denied equal treatment by prison officials on the basis of his race.  Defendants argue that Plaintiff's complaint reveals that, after violent incidents, prison officials locked down all inmates of the ethnic groups involved.  Defendants argue that Plaintiff was, thus, not treated differently than similarly situated inmates of other races when he was placed in lockdown.

However, a Program Status Report attached to Plaintiff's complaint states that, after a violent incident between a white inmate and a Southern Hispanic inmate, prison officials locked down only white inmates affiliated with the disruptive Skinhead group (and those housed with them).  (Doc. 1, Ex. G.)  Plaintiff alleges that, although Program Status Reports classified other ethnic groups into disruptive and non-disruptive factions, the prison administration failed to classify the black inmate population, leading to the prison officials' placing the entire black inmate population on lockdown status.  (Doc. 1, at 1.)  Plaintiff thus alleges a violation of his right to equal protection, despite the fact that his complaint demonstrates that prison officials imposed lockdowns on inmates of several ethnic groups.

In addition, Plaintiff's complaint also alleges that Southern Hispanic inmates were released from lockdown faster than black inmates.  He specifically alleges that Southern Hispanic inmates were restored to normal status only 15 days after a violent attack on white inmates, while the black inmate population was locked down for 120 days for refusing to talk with Southern Hispanic

inmates.  Plaintiff thus alleges an equal protection violation in the prison administration's policy for releasing inmates from lockdown, independent of whether prison officials violated his equal protection right when they placed him in lockdown.

Accordingly, this court DENIES Defendants' motion to dismiss Plaintiff's equal protection claim.

### 2.  Due Process

Plaintiff alleges that prison officials violated his due process rights by placing him in lockdown because of his race, rather than his affiliation with disruptive inmate factions.  Defendants argue that Plaintiff was not deprived of any protected interests because he does not have a protected liberty interest in not being in lockdown.

Prisoners have a liberty interest in freedom from restraint that "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  Sandin v. Conner, 515 U.S. 472, 484 (1995).  A 30-day placement in segregated confinement "does not present a dramatic departure from the basic conditions of . . . sentence."  Id. at 485.  Similarly, 120 days in lockdown would not impose an atypical and significant hardship relative to ordinary prison life.  See Hayward v. Procunier, 629 F.2d 599, 601 (9th Cir. 1980) ("Nor are prisoners [who were in lockdown for five months] being subjected to treatment wholly outside the foreseeable consequences of criminal conviction . . . .").  Thus, Defendants did not deprive Plaintiff of a protected liberty interest by placing him in lockdown.

Accordingly, this court GRANTS Defendants' motion to dismiss Plaintiff's due process claim and orders that the claim be dismissed with leave to amend.

### 3.  Freedom of Speech

Plaintiff alleges that Defendants violated his First Amendment right to freedom of speech by denying him all telephone access during lockdowns.  "Prisoners have a First Amendment right to telephone access, subject to reasonable security limitations."  Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996), amended by 135 F.3d 1318 (9th Cir. 1998).  Defendants argue that restricting telephone access during a lockdown is a reasonable security measure.  It is difficult, if not impossible, to assess the reasonableness of a security measure at this stage of the litigation.  Plaintiff states that he

is not affiliated with any disruptive inmate factions and, on a motion to dismiss, this assertion must be credited.  Plaintiff could prove that denying him all access to a telephone for 120 days was not a reasonable security limitation and, thus, he has stated a claim.  The court expresses no opinion as to whether his proof will be sufficient to survive a motion for summary judgment, should one be filed against him.

Accordingly, this court DENIES Defendants' motion to dismiss Plaintiff's Freedom of Speech claim.

### 4.  Freedom of Religion

In his complaint, Plaintiff alleges that Defendants prevented black inmates from participating in religious activities during lockdowns.  The Free Exercise Clause of the First Amendment is implicated when prison officials prevent an inmate from engaging in conduct that he sincerely believes is consistent with his faith.  Shakur v. Schriro, 514 F.3d 878, 885 (9th Cir. 2008).  However, Plaintiff does not allege in his complaint that he is a member of any religion or that Defendants prevented him from practicing his religion.  He has thus failed to state a Free Exercise claim.

Accordingly, this court GRANTS Defendants' motion to dismiss Plaintiff's Free Exercise claim and orders that the claim be dismissed with leave to amend.

### 5.  Freedom of Association

Plaintiff alleges that prison officials denied him visits from family and friends while he was on lockdown status.  Defendants argue that denial of family visits is not unconstitutional, citing Kentucky Department of Corrections v. Thompson, 490 U.S. 454, 460-61 (1989).  But in that case, in which prisoners were denied visits from three individuals because they were suspected of smuggling contraband, inmates "were not prevented from receiving other visitors."  Id. at 458.  It thus does not establish that a blanket ban on all visits may be constitutional.

In Overton v. Bazzetta, 539 U.S. 126, 131-32 (2003), the Supreme Court analyzed a limitation on prison visits as a potential infringement on prisoners' freedom of association, citing both First Amendment and substantive due process precedents.  The Court stated that it does not hold or imply "that any right to intimate association is altogether terminated by incarceration."  Id. at 131.

However, limitations on visits are permissible if they bear a rational relation to legitimate penological interests, id. at 132 (citing Turner v. Safely, 482 U.S. 78, 89 (1987)), and otherwise satisfy the requirements of Turner, id. at 135-36.  Here, Defendants have not asserted that the ban on all visits is reasonably related to a legitimate penological interest.  Plaintiff could prove facts consistent with his allegations that would entitle him to relief.[2]

Accordingly, this court DENIES Defendants' motion to dismiss Plaintiff's Freedom of Association claim.

### 6.  Cruel and Unusual Punishment

Plaintiff alleges that Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment by denying him yard exercise and access to the canteen during lockdowns.  An Eighth Amendment claim has both a subjective and an objective component.  Johnson v. Lewis, 217 F.3d 726, 733 (9th Cir. 2000).  The objective component considers whether the conditions were serious enough to constitute cruel and unusual punishment, and the subjective component considers whether prison officials acted with a culpable state of mind, such as deliberate indifference.  Id.

### a.  Denial of Exercise

Exercise is "one of the basic human necessities protected by the Eighth Amendment." LeMaire v. Maass, 12 F.3d 1444, 1457 (9th Cir. 1993).  However, the Ninth Circuit has held that denial of exercise does not violate the Eighth Amendment where it is justified by disciplinary or safety needs.  Id. at 1458; accord Spain v. Procunier, 600 F.2d 189, 199-200 (9th Cir. 1979).  Here, Defendants claim that the deprivation of exercise is justified by security concerns.  Plaintiff's complaint alleges, however, that he is not affiliated with any disruptive inmate factions.  Thus, according to the allegations of the complaint, restrictions on Plaintiff's activities would not serve the interests of discipline or safety.  Plaintiff has stated a claim upon which relief may be granted.

Defendants also argue that May v. Baldwin, 109 F.3d 557, 565 (9th Cir. 1997), in which the Ninth Circuit held that "a temporary denial of outdoor exercise with no medical effects is

---

[2]   Overton states that a ban on visits lasting at least two years does not violate the Eighth Amendment.  539 U.S. at 136-37.  Plaintiff's claim is grounded in the First and Fourteenth Amendments, but not the Eighth Amendment.

not a substantial deprivation," requires dismissal of Plaintiff's complaint, because Plaintiff did not allege any medical effects.  However, Plaintiff's complaint states, "Plaintiff has suffered emotionally as well as physically from lack of yard recreational exercise."  (Doc. 1, at 4.)  Construing Plaintiff's complaint liberally because he is proceeding without counsel, this court concludes that Plaintiff has alleged medical effects.  Moreover, the "temporary denial" in May was for a period of only 21 days, a much briefer period than the months-long lockdown in Plaintiff's case.  May does not require dismissal of Plaintiff's claim at this stage of the litigation.

Accordingly, this court DENIES Defendants' motion to dismiss Plaintiff's Eighth Amendment claim to the extent that it is based on denial of exercise.

### b.  Denial of Canteen Privileges

Plaintiff alleges that Defendants violated his rights by preventing him from going to the prison canteen while he was on lockdown status.  However, there is no constitutional right to canteen products.  Keenan, 83 F.3d at 1092.  Plaintiff has failed to state an Eighth Amendment claim based on the denial of canteen privileges.

Accordingly, this court GRANTS Defendants' motion to dismiss Plaintiff's Eighth Amendment claim to the extent that it is based on denial of canteen privileges and orders that the claim be dismissed with prejudice.

### 7.  Supervisory Liability

Defendants argue that all claims against Defendants Singh and Tilton should be dismissed because Plaintiff does not specifically allege a causal link between their actions and the deprivation of his constitutional rights.

There is no vicarious liability under 42 U.S.C. § 1983.  Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690-92 (1978).  A supervisory official may be liable under § 1983 only if the complaint alleges that the official personally participated in the claimed constitutional violation.  Iqbal, 129 S. Ct. at 1949 (rejecting liability for "knowledge and acquiescence" in subordinates' misconduct); Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979) (per curiam).  Here, the Second Amended Complaint alleged that Defendants Singh and Tilton "either participated directly or directed others" to violate Plaintiff's rights.  (Doc. 18.)  Thus, the complaint does allege that these officials personally

1  participated in constitutional violations.

2          This court stated in its order allowing Plaintiff to amend the complaint that "Plaintiff

3  has provided sufficient factual allegations to state a claim for relief against these two defendants."

4  (Doc. 21.)  However, the Supreme Court's subsequent decision in Iqbal holds that a "conclusory

5  statement" in a complaint is insufficient.  129 S. Ct. at 1949.  This court must, therefore, reevaluate

6  the allegations of Plaintiff's complaint as to Defendants Tilton and Singh.

7          Defendant Tilton is the Inspector General of the California Department of Corrections.

8  Plaintiff's complaint contains no specific allegations that would create facial plausibility for Plaintiff's

9  claim that Tilton personally participated in the alleged constitutional violations or ordered others to

10 violate Plaintiff's constitutional rights.  Defendant Singh, however, signed the Program Status Report

11 dated June 15, 2007, which ordered that all black inmates remain on lockdown status with restricted

12 privileges.  (Doc. 1, Ex. D.)  This evidence creates facial plausibility for Plaintiff's claim that

13 Defendant Singh personally participated in the alleged constitutional violations or ordered others to

14 violate Plaintiff's constitutional rights.

15         Accordingly, this court GRANTS Defendants' motion to dismiss all claims against

16 Defendant Tilton and orders that the claim be dismissed with leave to amend.  This court DENIES

17 Defendants' motion to dismiss all claims against Defendant Singh.

18                              **8. Eleventh Amendment**

19         Defendants seek dismissal of Plaintiff's claims on Eleventh Amendment grounds to the

20 extent that he is suing them in their official capacity.  The Eleventh Amendment bars suits for

21 damages against state officials sued in their official capacity.  Will v. Mich. Dep't of State Police, 491

22 U.S. 58, 71 (1989).  However, the Eleventh Amendment does not bar suits for damages against state

23 officials in their individual capacity.  Hafer v. Melo, 502 U.S. 21 (1991).  Nor does it bar suits against

24 state officials for prospective injunctive relief.  Ex parte Young, 209 U.S. 123, 156 (1908).  Thus,

25 Plaintiff's complaint must be dismissed to the extent that it seeks monetary damages from Defendants

26 in their official capacity.  His claims against Defendants in their individual capacity for damages or

27 against Defendants for injunctive relief survive.

28         The Second Amended Complaint states that Plaintiff is suing Defendants Singh and

Tilton in their individual and official capacities.  (Doc. 18.)  The original complaint is silent as to the capacities in which Plaintiff sues Defendants Sisto and Sequira, as well as the John Does.  In Shoshone-Bannock Tribes v. Fish & Game Commission, Idaho, 42 F.3d 1278, 1284 (9th Cir. 1994), the Ninth Circuit held that "[w]here state officials are named in a complaint which seeks damages under 42 U.S.C. § 1983, it is presumed that the officials are being sued in their individual capacities."

Here, Plaintiff is seeking damages against Defendants under 42 U.S.C. § 1983.  His complaint does not specify that he is suing under § 1983.  But a complaint that alleges "(1) acts by the defendants (2) under color of state law (3) depriving them of federal rights, privileges or immunities (4) causing them damage" and "seek[s] an award of compensatory damages . . . is sufficient to state a claim for damages under 42 U.S.C. § 1983."  Shoshone-Bannock, 42 F.3d at 1284.  Plaintiff's complaint alleges that Defendants placed black inmates on lockdown status.  The imposition of a lockdown was under color of state law.  The lockdown allegedly deprived him of his constitutional rights to equal protection, freedom of speech, freedom of association, and freedom from cruel and unusual punishment.  The deprivation allegedly caused him emotional and physical distress and lost wages.  The prayer for relief seeks compensatory and punitive damages.  Thus, the complaint seeks damages under 42 U.S.C. § 1983.

Nevertheless, the Shoshone-Bannock presumption that § 1983 defendants are sued in their individual capacities does not apply where a complaint explicitly names one defendant in his individual capacity, so that "those officials as to whom the caption was silent could assume that they were not being sued in their individual capacities."  Id. at 1285.  Here, the Plaintiff's original complaint is silent as to the capacities in which Plaintiff sues Defendants.  Plaintiff later amended the complaint to add Defendants Singh and Tilton in their individual and official capacities, via a "Request for Judicial Notice" that this court construed as an amendment to the complaint.  Because the specification that Plaintiff was suing Defendants Singh and Tilton in their individual capacities occurred only later, in a separate document,[3] Defendants Sisto and Sequira were not entitled to assume that they were not being sued in their individual capacities.  Thus, this court presumes that

---

[3]        Defendants were served with copies of both the original complaint and the amended complaint.  (Doc. 22, Notice of Submission of Documents by Plaintiff.)  Thus, they could see that Plaintiff did not simultaneously name some Defendants, but not others, in their individual capacities.

Plaintiff sues Defendants Sisto and Sequira in their individual capacities.  Plaintiff may proceed against them for damages in their individual capacities.

Accordingly, this court GRANTS Defendants' motion to dismiss on Eleventh Amendment grounds only to the extent that Plaintiff seeks monetary damages from Defendants in their official capacity and orders that the claim be dismissed with prejudice.  This court DENIES Defendants' motion to dismiss to the extent that Plaintiff seeks injunctive relief from them.

**III.  Conclusion and Order**

For the foregoing reasons, the court hereby:

1.  DENIES Defendants' motion to dismiss Plaintiff's equal protection claim;

2.  GRANTS, with leave to amend, Defendants' motion to dismiss Plaintiff's due process claim;

3.  DENIES Defendants' motion to dismiss Plaintiff's Freedom of Speech claim;

4.  GRANTS, with leave to amend, Defendants' motion to dismiss Plaintiff's Free Exercise claim;

5.  DENIES Defendants' motion to dismiss Plaintiff's Freedom of Association claim;

6.  DENIES Defendants' motion to dismiss Plaintiff's Eighth Amendment claim to the extent that it is based on denial of exercise;

7.  GRANTS Defendants' motion to dismiss Plaintiff's Eighth Amendment claim to the extent that it is based on denial of canteen privileges and dismisses the claim with prejudice;

8.  GRANTS, with leave to amend, Defendants' motion to dismiss all claims against Defendant Tilton;

9.  DENIES Defendants' motion to dismiss all claims against Defendant Singh;

10.  GRANTS Defendants' motion to dismiss to the extent that Plaintiff seeks monetary damages from them in their official capacity and dismisses the claim with prejudice; and

/ / /

/ / /

/ / /

11.  DENIES Defendants' motion to dismiss to the extent that Plaintiff seeks

1  injunctive relief from Defendants.

2          IT IS SO ORDERED.

3  Dated:    **October 21, 2009**                              **/s/ Susan P. Graber**

4  _____UNITED STATES CIRCUIT JUDGE

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28