IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| ROBERT HAYNES, | No. CIV S-08-2177-SPG (PC) |
| Plaintiff, | |
| vs. | ORDER DISMISSING AMENDED CLAIMS |
| D.K. SISTO, WARDEN OF CALIFORNIA STATE PRISON SOLANO, T. SEQUIRA, FACILITY I CAPTAIN, V. SINGH, J. TILTON, | |
| Defendants. | |
| / | |

Plaintiff Robert Haynes, a state prisoner who is incarcerated at California State Prison-Solano, is proceeding without counsel in this civil rights action. On October 22, 2009, the court dismissed with leave to amend Plaintiff's claims for violations of the Due Process Clause of the Fourteenth Amendment and of the Free Exercise Clause of the First Amendment and his claims against Defendant Tilton. On January 5, 2010, Plaintiff filed an amended complaint. Defendants have filed a motion asking the court to screen the amended claims.

The court is required to screen complaints brought by prisoners who seek relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally

- 1 -

frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

Plaintiff alleges again that Defendants deprived him of his due process rights by placing him in lockdown solely because of his race. However, the court has already determined that this allegation fails to state a due process claim because the lockdown does not impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995); see also Hayward v. Procunier, 629 F.2d 599, 601 (9th Cir. 1980) ("Nor are prisoners [who were in lockdown for five months] being subjected to treatment wholly outside the foreseeable consequences of criminal conviction . . . ."). Plaintiff has not stated a cognizable due process claim.

Plaintiff also alleges again that Defendant Tilton, the Inspector General of the California Department of Corrections, is liable under 42 U.S.C. § 1983 because he was aware of the lockdown and of court rulings striking down race-based prison policies, but "chose to ignore what was transpiring" at the prison. Plaintiff argues that knowledge of a constitutional violation, coupled with failure to prevent it, subjects an official to liability under § 1983, citing Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). However, the Supreme Court has recently made it clear that mere "knowledge and acquiescence" do not subject a supervisor to liability under § 1983. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Plaintiff has not alleged facts sufficient to support his claim that Defendant Tilton personally participated in any of the alleged constitutional violations. See id. ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Plaintiff has not stated a cognizable claim against Defendant Tilton.

Plaintiff's filing of January 5, 2010, "concedes" the dismissal of his free exercise claim and pleads no facts relating specifically to this claim.

If the court determines that a pleading could be cured by the allegation of other facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal. Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000). However, "[l]eave to amend need not be given if a complaint, as amended, is subject to dismissal." Moore v. Kayport Package Express, Inc., 885 F.2d 531, 538 (9th

Cir. 1989). Failure to cure deficiencies by previous amendments is one of the factors to be considered in deciding whether justice requires granting leave to amend. Id.

Plaintiff's filing of January 5, 2010, fails to state any claims upon which relief may be granted. Plaintiff was informed of the deficiencies in his prior pleading and has not alleged any new facts that make his due process claim or his claim against Defendant Tilton viable. The court finds that further opportunities to amend his complaint on these claims would be futile. Therefore, the court dismisses these claims and, in its discretion, will not grant Plaintiff further leave to amend them.

For the foregoing reasons, the court hereby:

1. DISMISSES with prejudice Plaintiff's due process claim; and

2. DISMISSES with prejudice Plaintiff's claim against Defendant Tilton.

IT IS SO ORDERED.

Dated:   **January 15, 2010**                              /s/ **Susan P. Graber**
                                                                                    UNITED STATES CIRCUIT JUDGE