IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| ROBERT HAYNES, | CIV S-08-2177-SPG (PC) |
| Plaintiff, | |
| vs. | ORDER DISMISSING WITH PREJUDICE AMENDED DUE PROCESS CLAIM |
| D.K. SISTO et al., | |
| Defendants. | |
| _____/ | |

Plaintiff Robert Haynes, a state prisoner who formerly was incarcerated at California State Prison-Solano and is now incarcerated at California State Prison-San Quentin (Doc. 42), is proceeding without counsel in this civil rights action. On March 4, 2010, the court dismissed Plaintiff's complaint with leave to amend. (Doc. 41.) On May 3, 2010, Plaintiff filed an amended complaint. (Doc. 43.) Plaintiff alleges a due process claim, an equal protection claim, and an Eighth Amendment claim.

The court is required to screen complaints brought by prisoners who seek relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or a portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

Therefore, the court must dismiss the due process claim in Plaintiff's amended complaint.  The court recognizes that Plaintiff's amended complaint states an equal protection claim and an Eighth Amendment claim arising from the alleged denial of outdoor exercise.

**I.     Due Process Claim**

Plaintiff alleges that Defendants placed all black inmates, including himself, on lockdown status for four and a half months without due process.  (Doc. 43 at 1-2.)  However, the court has already determined that substantially identical allegations by Plaintiff earlier failed to state a due process claim because lockdown does not impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  Sandin v. Conner, 515 U.S. 472, 484 (1995); see also Hayward v. Procunier, 629 F.2d 599, 601 (9th Cir. 1980) ("Nor are prisoners [who were in lockdown for five months] being subjected to treatment wholly outside the foreseeable consequences of criminal conviction . . . .").  Thus, Defendants did not deprive Plaintiff of a protected liberty interest by placing him in lockdown.  Plaintiff's complaint fails to state a due process claim, and the court must dismiss that portion of his complaint.

Dismissal without leave to amend is improper unless it is clear that the complaint cannot be saved by amendment.  Moss v. U.S. Secret Serv., 572 F.3d 962, 972 (9th Cir. 2009).  In considering whether to grant leave to amend, a court may consider that a plaintiff failed to cure a deficiency by previous amendments.  Moore v. Kayport Package Express, Inc., 885 F.2d 531, 538 (9th Cir. 1989).  Here, in the court's order of October 22, 2009, the court dismissed this claim with leave to amend.  (Doc. 32.)  Plaintiff amended the complaint and again alleged the same due process violation, without any new allegations to support his contention that Defendant deprived him of a protected liberty interest.  (Doc. 35.)  On January 19, 2010, the court dismissed the claim with prejudice.  (Doc. 37.)  Nevertheless, Plaintiff has now brought the same claim again.  Moreover, it appears that Plaintiff cannot cure the deficiency—the gist of his claim is that Defendants placed him in lockdown for four and a half months, and that conduct does not violate the Due Process Clause.  It is clear that Plaintiff's due process claim cannot be saved by amendment.  Accordingly, in its discretion, the court has dismissed, and again dismisses, the claim with prejudice.  That is, Plaintiff should not file this due process claim again.

## II. Equal Protection Claim

Plaintiff alleges that Defendants release the Hispanic inmate population from lockdown status more quickly than they do the black inmate population. (Doc. 43 at 1, 4-5.) Releasing similarly situated inmate groups from lockdown at different rates because of the inmates' race or ethnicity would likely violate the Equal Protection Clause. See Walker v. Gomez, 370 F.3d 969, 973 (9th Cir. 2004) ("Racial discrimination in prisons and jails is unconstitutional under the Fourteenth Amendment, except for the necessities of prison security and discipline." (internal quotation marks omitted)). If Plaintiff's factual allegations are accepted as true, as they must be in this procedural context, his equal protection claim has "facial plausibility" because it "allows the court to draw the reasonable inference that the defendant[s] [are] liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Thus, the court concludes that Plaintiff's complaint states an equal protection claim.

## III. Eighth Amendment Claim

### A. Outdoor Exercise

Plaintiff alleges that Defendants violated his Eighth Amendment rights by depriving him of outdoor exercise for four and a half months while he was on lockdown status. (Doc. 43 at 2-5.) Plaintiff also alleges that he is not affiliated with any disruptive inmate factions and was not involved in any confrontations between Hispanic inmates and black inmates. (Doc. 43 at 1-2.) Plaintiff further alleges that he suffered physical distress as a result of the restriction on outdoor exercise. (Doc. 43 at 6.)

A deprivation of outdoor exercise is permissible under the Eighth Amendment if it is justified by disciplinary or safety needs. LeMaire v. Maass, 12 F.3d 1444, 1458 (9th Cir. 1993); Spain v. Procunier, 600 F.2d 189, 199-200 (9th Cir. 1979). Here, Plaintiff's allegation that he is a non-disruptive and non-affiliated inmate is an implicit allegation that restricting his exercise does not serve the prison's disciplinary or safety needs. Thus, depriving Plaintiff of outdoor exercise may violate the Eighth Amendment. See LeMaire, 12 F.3d at 1457 ("Exercise has been determined to be one of the basic human necessities protected by the Eighth Amendment.").

A 21-day deprivation of outdoor exercise "with no medical effects" does not violate the Eighth Amendment. May v. Baldwin, 109 F.3d 557, 565 (9th Cir. 1997). Here, Plaintiff has alleged

that he was deprived of outdoor exercise for four and a half months and that he suffered physical distress.  Thus, Plaintiff's Eighth Amendment claim is not barred by May.

Plaintiff's Eighth Amendment claim has facial plausibility.  Iqbal, 129 S. Ct. at 1949.  The court concludes that Plaintiff has stated an Eighth Amendment claim arising from the deprivation of outdoor exercise.

**B.     Phone Calls and Visits**

Plaintiff also states that Defendants deprived him of access to telephone calls and visitors while he was on lockdown status.  (Doc. 43 at 2, 5).  The court does not construe Plaintiff's amended complaint as alleging that Defendants thereby violated the Eighth Amendment.  Furthermore, even if Plaintiff had so alleged, depriving a prisoner of phone calls and visits for four and a half months likely does not violate the Eighth Amendment.  See Overton v. Bazzetta, 539 U.S. 126, 136-37 (2003) (holding that a two-year ban on visits to inmates who had committed two or more substance-abuse violations does not violate the Eighth Amendment).  Plaintiff's amended complaint does not state an Eighth Amendment claim arising from the restriction on telephone calls and visitors.

For the foregoing reasons, the court hereby:

1. DISMISSES with prejudice Plaintiff's due process claim;

2. RECOGNIZES that Plaintiff's amended complaint states a claim for violation of the Equal Protection Clause of the Fourteenth Amendment; and

3. RECOGNIZES that Plaintiff's amendment complaint states a claim for violation of the Eighth Amendment arising from the deprivation of outdoor exercise.

IT IS SO ORDERED.

Dated:   **May 21, 2010**

   /s/ Susan P. Graber
  _____
                                                    UNITED STATES CIRCUIT JUDGE