IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| ROBERT HAYNES, | CIV S-08-2177-SPG (PC) |
| Plaintiff, | |
| vs. | ORDER |
| D.K. SISTO et al., | |
| Defendants. / | |

Plaintiff is a state prisoner proceeding pro se. He seeks relief pursuant to 42 U.S.C. § 1983. Plaintiff has filed a motion to compel discovery in which he argues that Defendants have improperly responded to Plaintiff's requests for documents merely by stating that production would be unduly burdensome and would require disclosure of confidential material. (Pl.'s Mot. to Compel at 1.) Plaintiff has attached to his motion an incomplete copy of Defendants' response to Plaintiff's first request for production of documents. (Pl.'s Mot. to Compel, Ex. A.)

In his motion to compel, Plaintiff requests five sets of documents from Defendants. (Pl.'s Mot. to Compel at 2.) These requests, however, only roughly correspond to Plaintiff's first requests for production of documents.

Defendants have opposed Plaintiff's motion by arguing that Plaintiff has failed to identify accurately each discovery request to which Defendants responded insufficiently or to

1  explain why Defendants' responses are insufficient.  In addition, Defendants contend that Plaintiff
2  has failed to provide the court with a copy of Defendants' privilege log or to identify what
3  documents Defendants have produced.  (Def.'s Opp'n to Pl.'s Mot. to Compel at 1-3.)

4        The court does not hold litigants proceeding pro se to the same standards that it holds
5  lawyers.  However, as the moving party, Plaintiff bears the burden of informing the court which
6  discovery requests are the subject of his motion to compel, which of Defendants' responses are
7  disputed, why he believes Defendants' responses are deficient, why Defendants' objections are not
8  justified, and why the information he seeks through discovery is relevant to the prosecution of this
9  action.  See, e.g., Brooks v. Alameida, No. CIV S-03-2343 JAM EFB P, 2009 WL 331358, at *2
10 (E.D. Cal. Feb. 10, 2009) ("Without knowing which responses plaintiff seeks to compel or on what
11 grounds, the court cannot grant plaintiff's motion."); Ellis v. Cambra, No. CIV 02-5646 AWI SMS
12 PC, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008) ("Plaintiff must inform the court which
13 discovery requests are the subject of his motion to compel, and, for each disputed response, inform
14 the court why the information sought is relevant and why Defendant's objections are not justified.").

15       Here, Plaintiff has provided no specific arguments in support of his motion to compel
16 and essentially asks the court to develop arguments for him.  Merely stating that Defendants cannot
17 withhold documents on the basis that production would be unduly burdensome or would require
18 disclosure of confidential information is not sufficient.  The court will not review each of Plaintiff's
19 discovery requests and each of Defendants' responses in order to determine whether any of
20 Defendants' responses are somehow deficient.  Plaintiff has the burden of accurately identifying his
21 requests and describing why Defendants' particular response is inadequate.  See, e.g., Williams v.
22 Flint, No. CIV S 06-1238 FCD GGH P, 2007 WL 2274520, at *1 (E.D. Cal. Aug. 6, 2007) ("It is
23 plaintiff's burden to describe why a particular response is inadequate.  It is not enough to generally
24 argue that all responses are incomplete.").  Moreover, Plaintiff's current requests for five sets of
25 documents do not match the original requests appearing in Defendants' responses.  Further, Plaintiff
26 responds to only some of Defendants' objections to each of his first requests.

27       Even if the court were inclined to develop arguments on Plaintiff's behalf, which it is
28 not, Plaintiff has not provided the court with the documents necessary to do so.  Specifically, at a

1  minimum, Plaintiff should have submitted to the court a copy of his first requests for production of
2  documents, a full copy of Defendants' responses thereto, and a copy of the privilege log.
3  　　　　　For the reasons discussed above, the court will deny, without prejudice, Plaintiff's
4  motion to compel.  Discovery is still open in this matter.  Plaintiff may file a renewed motion to
5  compel in accordance with this order if he so desires.

## CONCLUSION

　　　　　For the reasons discussed above,

　　　　　IT IS HEREBY ORDERED that Plaintiff's motion to compel is denied without prejudice.

DATED:  October 29, 2010.

　　　　　　　　　　　　　　　　　　　　**/s/ Susan P. Graber**
　　　　　　　　　　　　　　　　　　　　UNITED STATES CIRCUIT JUDGE