IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT HAYNES,<br><br>    Plaintiff,<br><br>vs.<br><br>D.K. SISTO, WARDEN OF CALIFORNIA STATE PRISON SOLANO, T. SEQUIRA, FACILITY I CAPTAIN, JOHN DOES 1-100<br><br>    Defendants.<br>_____/ | CV 08-2177-SPG (PC)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL |

        On October 29, 2010, Plaintiff filed a motion seeking the appointment of counsel. Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), withdrawn in part on other grounds by 154 F.3d 952, 954 n.1 (9th Cir. 1998) (en banc), and the court cannot require a lawyer to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to § 1915(e)(1). Rand, 113 F.3d at 1525.

        Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional

-1-

1 cases.  In determining whether "exceptional circumstances exist, a district court
2 must evaluate both the likelihood of success on the merits [and] the ability of the
3 [plaintiff] to articulate his claims pro se in light of the complexity of the legal
4 issues involved."  Id. (internal quotation marks omitted) (first alteration in
5 original).

6 In the present case, the court does not find the required exceptional
7 circumstances.  Even if it is assumed that Plaintiff is not well versed in the law and
8 that he has made serious allegations which, if proved, would entitle him to relief,
9 his case is not exceptional.  This court is faced with cases of this general type
10 frequently.  At this stage in the proceedings, the court cannot make a
11 determination that Plaintiff is likely to succeed on the merits and, in his motions
12 for the appointment of counsel, Plaintiff offered no argument to the effect that he
13 had the requisite likelihood of success.  Moreover, after reviewing the record in
14 this case, the court does not find that Plaintiff is unable to articulate his claims
15 adequately.  Id.

16 For the foregoing reasons, Plaintiff's motion for the appointment of
17 counsel is HEREBY DENIED, without prejudice.

18 IT IS SO ORDERED.

20 **Dated:   November 9, 2010**                             /s/ Susan P. Graber
21                                                                                   UNITED STATES CIRCUIT JUDGE