IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| ROBERT HAYNES, | CIV S-08-2177-SPG (PC) |
| Plaintiff, | |
| vs. | ORDER DENYING MOTION TO SUBSTITUTE COURT APPOINTED COUNSEL |
| D.K. SISTO et al., | |
| Defendants. | |

On January 2, 2013, Plaintiff, who is currently represented by lawyer Alden Knisbacher, filed a motion to substitute counsel. He has not hired a new lawyer; rather, he requests that the court appoint new pro bono counsel.

Plaintiff does not have a constitutional right to any appointed counsel in this civil action under 42 U.S.C. § 1983, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), withdrawn in part on other grounds by 154 F.3d 952, 954 n.1 (9th Cir. 1998) (en banc). Nor may the court require a lawyer to represent him. Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296, 298 (1989). Under 28 U.S.C. § 1915(e)(1), a district court may request the voluntary assistance of counsel only if, after evaluating "the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved," it determines that "exceptional circumstances" warrant doing so. Rand, 113 F.3d at 1525 (internal quotation marks omitted) (first alteration in original).

The court previously determined that Plaintiff's likelihood of success on the merits

1 and inability to articulate his claims warranted the exercise of that authority.  After accepting the
2 representation, Knisbacher represented Plaintiff competently (indeed, successfully) in summary
3 judgment proceedings.  Plaintiff's present complaint appears to reflect no more than some difficulty
4 that he and his lawyer have had in communicating through the mail.

5      No exceptional circumstances warrant requesting a <u>new</u> lawyer to represent Plaintiff.
6 The delays that Plaintiff and his counsel have experienced have prejudiced neither Plaintiff's
7 underlying claims nor his ability to articulate them through counsel.  Accordingly, there is no reason
8 for the court to request voluntary counsel under 28 U.S.C. § 1915(e)(1) for a second time.

9      Accordingly, Plaintiff's motion for the substitution of counsel is HEREBY DENIED,
10 without prejudice.

11
12      IT IS SO ORDERED.
13
14 Dated: **January 22, 2013**
15
16     **/s/ Susan P. Graber**
17     UNITED STATES CIRCUIT JUDGE